**\*E-FILED 12-20-2011\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK S. BURKES, | No. C11-04952 HRL |
| Plaintiff, | **ORDER SETTING JURY TRIAL** |
| v. | |
| COUNTY OF MONTEREY, | |
| Defendant. | |

Plaintiff Mark S. Burkes sues for alleged wrongful discharge and violation of his state and federal due process rights. This action was filed in the Monterey County Superior Court. The state court granted plaintiff's request for leave to file a Second Amended Complaint (SAC), which includes a claim under 42 U.S.C. § 1983. Defendant answered the complaint and then removed the matter here, asserting federal question jurisdiction.

Several weeks later, plaintiff filed a jury demand, which defendant claims is untimely. The issue was discussed briefly at the December 6, 2011 initial case management conference. At that time, plaintiff represented to this court that he properly made and preserved his right to a jury trial while this action was still pending in the state court. Defendant disagreed. The parties were given an opportunity to brief the matter. Having considered the parties' respective arguments, this court will set this matter for a jury trial.

Rule 81(c)(3) of the Federal Rules of Civil Procedure provides that "[a] party who,

1  before removal, expressly demanded a jury trial in accordance with state law need not renew the
2  demand after removal." There is no dispute that California law requires an express demand.
3  California law provides that a litigant waives a jury trial by, among other things, failing to
4  announce that a jury is required at the time the case is first set for trial or by failing to timely
5  deposit the requisite jury fees. CAL. CODE CIV. PRO. § 631. Here, the record presented shows
6  that plaintiff (and defendant) expressly demanded a jury trial by the date the case apparently
7  was first set for trial; the state court did, in fact, set the matter for a jury trial; and plaintiff
8  timely deposited the required jury fees with the state court. There is no indication that any of
9  the grounds for waiver set forth in California Code of Civil Procedure § 631 occurred.

10  Defendant nevertheless contends that plaintiff was required to renew his jury demand as
11  to his SAC, the operative pleading. The apparent basis for this contention is that the SAC adds
12  a new claim under 42 U.S.C. § 1983. Plaintiff's § 1983 claim, however, merely presents a new
13  theory of liability, not new facts. Indeed, all of the factual allegations of plaintiff's SAC are
14  virtually identical to those contained in his prior pleading, the only difference being that the
15  SAC adds an allegation that plaintiff was constructively discharged. But that is nothing new—
16  plaintiff's prior pleading also included a claim for constructive discharge. The presentation of a
17  new theory of recovery does not constitute the presentation of a new issue. This court therefore
18  finds that, prior to removal, plaintiff properly made and preserved his right to a jury trial as to
19  all issues triable by jury. Cf. Lutz v. Glendale Union High School, 403 F.3d 1061, 1066 (9th
20  Cir. 2005) (if a jury trial is waived in an original complaint, it is also waived as to claims
21  contained in an amended pleading that raises no new fact issues); Trixler Brokerage Co. v.
22  Ralston Purina Co., 505 F.2d 1045, 1050 (9th Cir. 1974) (same). Defendant's cited cases, all of
23  which the court finds inapposite, do not compel a contrary conclusion.

24  SO ORDERED.
25  Dated: December 20, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:10-cv-05338-HRL Notice has been electronically mailed to:

Edward Rick Buell , III     erb@severson.com, klm@severson.com, kmd@severson.com

Jonah Sampson VanZandt     jvz@severson.com

Peter Joseph Salmon     psalmon@piteduncan.com

Stephen Conrad Ruehmann     ruehmannlaw@yahoo.com

Thomas Nathaniel Abbott     tabbott@piteduncan.com, mwhaley@piteduncan.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.