**United States District Court**
For the Northern District of California

1

2          **\*E-FILED:   February 3, 2012\***

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11   MARK S. BURKES,                        No. C11-04952 HRL

12          Plaintiff,                      **ORDER DENYING PLAINTIFF'S
                                            MOTION FOR LEAVE TO FILE A**
13     v.                                   **THIRD AMENDED COMPLAINT**

14   COUNTY OF MONTEREY,                     **[Re:   Docket No. 26]**

15          Defendant.

16   _____/

17          Plaintiff Mark S. Burkes, a former employee of defendant County of Monterey

18   (County), sues for alleged constructive discharge and purported violation of his state and federal

19   due process rights.  Burkes filed his complaint in the Monterey County Superior Court, and the

20   case proceeded there for more than a year.  Over the course of the litigation, plaintiff amended

21   his complaint twice.  The original and first amended complaints alleged several state law claims

22   for relief, including claims for intentional and negligent infliction of emotional distress.  Then,

23   several months before the case was set for trial, defendant moved for summary judgment on

24   plaintiff's emotional distress claims (among others), arguing that Burkes could not establish any

25   facts to support them.  Apparently in response to that motion, and over defendant's vociferous

26   objection, plaintiff successfully moved for leave to file a Second Amended Complaint (SAC).

27   The SAC added, for the first time, a claim under 42 U.S.C. § 1983 for alleged violation of

28   Burkes' federal due process rights.  The SAC also dropped several claims, including the ones

**United States District Court**
For the Northern District of California

1   for emotional distress.  Having granted plaintiff's motion to amend, the state court vacated

2   defendant's motion for summary judgment.  Defendant answered the SAC and then removed

3   the matter here, asserting federal question jurisdiction.

4       Now before this court is plaintiff's motion for leave to file a Third Amended Complaint.

5   The issue here is not whether Burkes should be permitted to amend his pleading to add new

6   facts, claims, theories, or parties.  The question is whether he should be permitted to now

7   resurrect the emotional distress claims that he voluntarily abandoned.  The matter is suitable for

8   determination without oral argument, and the February 7, 2012 hearing is vacated.  CIV. L.R. 7-

9   1(b).  Upon consideration of the moving and responding papers, plaintiff's motion is denied.

10      Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend

11  and provides that "[t]he court should freely give leave when justice so requires."  FED. R. CIV.

12  P. 15(a)(2).  That does not mean, however, that leave to amend must be granted automatically.

13  Instead, the decision whether to grant leave to amend remains within the court's sound

14  discretion.  Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981).  Leave need not be granted

15  where the amendment would cause the opposing party undue prejudice, is sought in bad faith,

16  constitutes an exercise in futility, or creates undue delay.  Foman v. Davis, 371 U.S. 178, 182

17  (1962).

18      Burkes argues that permitting him to reinstate his abandoned claims will not prejudice

19  defendant or cause any further delay in the action.  True, the parties evidently conducted

20  considerable discovery while the emotional distress claims were still in the case; and, case

21  management deadlines were re-set by this court upon removal.  Moreover, a plaintiff is not

22  absolutely precluded from seeking to reallege, in subsequent amended pleadings, claims that

23  were voluntarily dismissed.  See, e.g., Southwest Forest Indus., Inc. v. Westinghouse Elec.

24  Corp., 422 F.2d 1013, 1015 (9th Cir. 1970) (observing that the trial court had permitted plaintiff

25  to amend its complaint to reinstate previously abandoned claims); Google, Inc. v. Affinity

26  Engines, Inc., No. C05-0598JW, 2005 WL 2007888 at *7 (N.D. Cal., Aug. 12, 2005) ("[C]ourts

27  may allow a plaintiff to reallege a voluntarily withdrawn claim.").

28

**United States District Court**
For the Northern District of California

On the record presented, however, Burkes' assertions as to his "good faith" in pursuing the requested amendment are not well taken.  Indeed, plaintiff makes no bones about the fact that he wants to reinstate his abandoned claims—apparently, solely as a tactical gambit—because he is unhappy that defendant removed his lawsuit here.  Describing the instant motion as a "counter-response to Defendant's maneuvering," (Reply at 3), plaintiff explains that "just as Defendant has changed its mind about the proper place for the matter to be litigated, namely this Court instead of the state court, Plaintiff has changed his mind about the theories of relief upon which he seeks compensation."  (Mot. at 7:2-5).  Notably, in seeking the state court's permission to file his SAC, and facing possible summary judgment, Burkes told that court that he wanted to add the § 1983 claim and to drop the emotional distress ones because "[s]uch amendments essentially cure the defects in the First Amended Complaint as alleged in the County's pending [summary judgment] motion, and therefore not only should streamline the litigation, but also settlement should be promoted in light of the County's exposure to pay Mr. Burkes the additional damages provided by § 1983."  (Notice of Removal, Dkt. No. 1, Ex. F (Declaration of Gary E. Gray, Esq. (Rule 3.1324(b) at 2:7-12)).  Having made a tactical decision to drop his emotional distress claims, Burkes now essentially argues to this court that he should be allowed to reallege them at his whim.

Burkes disclaims any bad faith, arguing that "[t]he back and forth litigation of the matter is emblematic of the action/reaction of two parties and two advocates engaged in fierce litigation."  (Reply at 3).  It appears to this court, however, that Burkes is picking and choosing relief, not based on any legitimate truth-seeking purpose, but on an apparent contentious "tit-for-tat" litigation strategy.  While leave to amend is to be granted liberally when justice so requires, this court finds that justice does not require amendment under the circumstances presented here.  To order otherwise would be to endorse tactical gamesmanship that is hardly in keeping with the policy of promoting a just, speedy, and inexpensive resolution of civil law suits under Fed. R. Civ. P. 1.

Plaintiff's motion for leave to file a Third Amended Complaint is denied.

SO ORDERED.

Dated: February 3, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1     5:11-cv-04952-HRL Notice has been electronically mailed to:

2     Brian Everett Turlington     bturlington@fentonkeller.com

3     Dennis Gary McCarthy     DMcCarthy@FentonKeller.com

4     Gary Ernest Gray     ggray@ggraylaw.com

5     Counsel are responsible for distributing copies of this document to co-counsel who have not
      registered for e-filing under the court's CM/ECF program.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5